### Sherburne T. Sanborn & others *vs.* William P. Baker.

In an action against an officer for the conversion of property attached by him on a writ against a third person, his return upon the writ, showing a sale of the property under the statutes as perishable, and the certificate of the appraisers, and a schedule of prices received for the same at the auction sale thereof, which were annexed to the return as a part thereof, are competent evidence against him, on the question of damages.

Tort against a deputy sheriff for the conversion of fifty-five bales of hops, attached by him on a writ against J. S. Brown & Co., who had given a prior mortgage thereof to the plaintiffs.

At the trial in the superior court, the plaintiffs introduced no evidence of the value of the hops except the return of the defendant on the writ of attachment, by which it appeared that, on the written application of the plaintiff therein, he had caused them to be appraised and sold, as perishable property, under the statutes ; and the application, certificate of the appraisers, and a schedule exhibiting the price for which they were sold at auction were annexed, as a part of the return

The defendant objected to this, as incompetent evidence of the value of the property taken; but *Putnam*, J., admitted it, and instructed the jury that the market value of the hops at the time of the conversion was the true measure of damages.

The jury found for the plaintiffs, and the defendant alleged exceptions.

*J. D. Thomson*, for the defendant.

*B. Dean*, for the plaintiffs.

CHAPMAN, J.   It is not denied that the return of the defendant, so far as it states his own doings, is competent evidence against him.   But the return in this case contains an application of the plaintiff in the writ on which the hops were attached by the defendant for a sale of them as perishable property; a statement of an appraisement and certificate of the same; and a sale according to the statute.   The defendant objects to the admission of the certificate as evidence of the value of the property.   The judge ruled that, though it was not conclusive, it was competent evidence.   And the court are of opinion that this ruling was correct.   The defendant in his answer sets forth the attachment stated in this return as his justification for the taking and conversion of the property.   The whole of an officer's return is admissible in evidence in his favor.   *Bruce* v. *Holden*, 21 Pick. 187.   It is also admissible against him; for the appraisement was an act in which he participated, and the certificate is made by him a part of his return.   Being thus made evidence, it has some tendency to show the value of the property.   It is an official act, performed under the solemnity of an oath, and is as well entitled to consideration as a sale by an auctioneer, which is often admitted.        *Exceptions overruled.*